The Honorable James L. Robart

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

STELLA MAUDINE NICKELL,

Defendant.

NO. CR87-276 JLR

**UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION FOR A REDUCTION IN SENTENCE**

17    This Court should deny Defendant Stella Maudine Nickell's *pro se* motion for a
18  reduction in sentence. In 1986, Nickell murdered two people by lacing over-the-counter
19  medications with cyanide. She was convicted after a trial of product tampering in violation
20  of 18 U.S.C. § 1365. This Court sentenced her to 90 years of custody. She became eligible
21  for parole in 2017, but the Parole Commission has twice denied her requests for parole.
22  Her projected release date is July 10, 2040.

23    Nickell's motion seeks release under 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g). She
24  is not eligible for release under section 3582(c)(1)(A) because that provision does not apply
25  to defendants convicted of crimes that took place before November 1987. And she is not
26  eligible for release under section 4205(g) on her own motion because section 4205(g)
27  authorizes a court to reduce the sentence of a defendant only on the motion of the Bureau
28  of Prisons. The Court thus lacks authority to grant her motion.

United States Opposition to Motion for a Reduction in Sentence - 1
*United States v. Nickell*, CR87-0276 JLR

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.    STATEMENT OF FACTS

In June 1986, Nickell called 911 in Auburn, Washington to report that her husband Bruce Nickell had collapsed. PSR 3 (filed as Exhibit A). He was pronounced dead about four hours later, and the first autopsy findings concluded that he died of pulmonary emphysema. PSR 3-4.

Six days later, Sue Snow, who also lived in Auburn, collapsed on her bathroom floor. PSR 4. She was pronounced dead a few hours later. PSR 4. During an autopsy, the medical examiner detected the smell of bitter almonds. PSR 4. That smell caused the examiner to suspect that Snow had been poisoned with cyanide. PSR 4. In mid-June 1986, the medical examiner announced that Snow died of acute cyanide poisoning. PSR 4.

Shortly after Bruce Nickell died, Nickell obtained his autopsy report and questioned the finding that he died of pulmonary emphysema. PSR 4. Then, when the medical examiner announced that Snow had died of cyanide poisoning, Nickell contacted authorities to report that she thought her husband might also have died of cyanide poisoning too. PSR 4.

Investigators found cyanide-laced capsules of over-the-counter medication in Nickell and Snow's homes and on the retail shelves of two stores in the area. PSR 4. The FBI's forensic lab determined that all five tainted bottles had green crystals from an algaecide used by fish fanciers that was commercially available as "Algae Destroyer." PSR 5. They also learned that Nickell was a fish fancier who had purchased Algae Destroyer from a pet store in Auburn. PSR 5.

Nickell agreed to a polygraph examination. PSR 5. After she failed the examination, she called her adult daughter to report her results. PSR 5. Her daughter then told investigators that Nickell had been planning Bruce Nickell's death for several years, had asked about lethal doses of cocaine and heroin, and had researched methods of murder in local libraries. PSR 5. Investigators checked the records of local libraries and found that Nickell had checked out a book on human poisoning in the summer of 1984 and never

returned it. PSR 5. They also found Nickell's fingerprints on the pages of several books discussing cyanide poisoning. PSR 5.

Investigators also learned that the Nickell's marriage was unhappy. PSR 5-6. And they learned that Bruce Nickell had a life insurance policy naming Stella Nickell as his sole beneficiary. PSR 6. The policy paid $31,000 for a death classified as natural and $136,000 for a death classified as accidental. PSR 6. Death by pulmonary emphysema would have been classified as natural for purposes of the policy. PSR 6. They also learned that in the fall of 1985, Nickell applied for and obtained two other life insurance policies to which she signed Bruce Nickell's name. PSR 6.

Nickell was charged with, and convicted of, five counts of implanting potassium cyanide in packages of over-the-counter pain medications. *United States v. Nickell*, 883 F.2d 824, 825 (9th Cir. 1989). Nickell's product tampering resulted in two deaths—her husband and Sue Snow. *Id*. Nickell had no connection to Snow, who had the terrible misfortune of purchasing one of the products that Nickell tampered with from a store. *Id*. Nickell's tampering also caused a nationwide recall of over-the-counter pain medications. PSR 6-7. Nickell was convicted by a jury after a highly publicized three-week trial. *Id.* at 825, 828.

Nickell challenged her conviction on appeal and in two post-conviction proceedings. Throughout those proceedings, she denied responsibility for her crimes. *See* Exhibit B (explaining that "as recently as 2017, you blamed other people (including your own daughter) for taking the lives of two innocent individuals.").

Nickell became eligible for parole in 2017. The Parole Commission has twice denied her requests for parole. Dkt. 2 at 16. In 2019, the commission denied Nickell's appeal in part on the ground that Nickell demonstrated a lack of true remorse and made statements "sugges[ing] that you have yet to fully grasp the illegality and morally reprehensible nature of your actions." Exhibit B.

In July 2020, the warden of Nickell's prison recommended to BOP's Office of General Counsel that consideration be given to moving to modify her sentence in light of

United States Opposition to Motion for a Reduction in Sentence - 3
*United States v. Nickell*, CR87-0276 JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

the Covid-19 pandemic and the then-current effort to release prisoners to decrease crowding in BOP facilities and reduce the spread of the virus. Dkt. 2 at 16. In June 2021, the Office of BOP's General Counsel determined that BOP would not initiate a request for a reduction in sentence on her behalf because she was not eligible for relief. Dkt. 2 at 15.

On April 20, 2022, Nickell filed a request for administrative relief with the warden of her facility seeking compassionate release under 18 U.S.C. § 4205(g) and BOP Program Statement 5050.50, citing her age and chronic health conditions. Dkt. 2 at 13. She did not ask for relief under 18 U.S.C. § 3582(c)(1)(A).

On May 26, 2022, less than a month after she presented her request to the warden, Nickell moved this Court for compassionate release. Dkt. 2. Her motion states contends she qualifies for compassionate release because of age-related chronic medical conditions for which the BOP cannot provide care and because she is elderly. Dkt. 2 at 1-2. She also argues that BOP's June 2021 denial of her request for a reduction in sentence was incorrect because it stated that her offense was "non-paroleable." Dkt. 2 at 2. Although her motion cites section 3582(c)(1)(A), is also appears to concede that her request for release is governed by section 4205(g). Dkt. 2 at 9 ("I am under 18 USC 4205(g)").

## II.    ARGUMENT

As a general rule, district courts lack authority to modify a term of imprisonment once it has been imposed. 18 U.S.C. § 3582(c); *Dillon* v. *United States*, 560 U.S. 817, 819 (2010). Title 18, section 3582(c)(1) provides an exception to that rule and permits this Court to reduce a sentence if the defendant establishes "extraordinary and compelling" reasons for a reduction in sentence and meets other statutory requirements. 18 U.S.C. §3582(c)(1)(A).

But section 3582(c)(1)(A) does not apply to Nickell. Section 3582 was enacted as a part of the Sentencing Reform Act of 1984. *See* Title II, Chapter II, Section 235(a)(1), Pub. L. 98-473, 98 Stat.2031-32, Oct. 12, 1984; as amended, Judicial Improvements Act of 1990 § 316, Pub. L. 101-650, 104 Stat. 5115, Dec. 1, 1990. The provisions of the Sentencing

United States Opposition to Motion for a Reduction in Sentence - 4
*United States v. Nickell*, CR87-0276 JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Reform Act apply only to offenses committed after November 1, 1987, the effective date of the Act. *See Delancy v. Crabtree*, 131 F.3d 780, 784 (9th Cir. 1997); S. Rep. No. 98-225, 98th Cong., 1st Sess. 189 reprinted in 1984 U.S. Code Cong. & Admin. News 3182, 3372.

Nickell committed her offenses in 1986. Because her offenses occurred before November 1987, section 3582(c)(1)(A) does not apply to her. *United States v. King*, 24 F.4th 1226, 1229 (9th Cir. 2022). Instead, the only provision for a reduction in sentence potentially applicable to a defendant like Nickell serving an "old law" sentence is 18 U.S.C. § 4205(g), which authorizes a district court to make a prisoner who is serving a minimum term sentence and is not yet eligible for parole immediately eligible on a motion by the Bureau of Prisons. *Id*.

Section 4205(g) provides

> At any time upon motion of the Bureau of Prisons, the court may reduce any minimum term to the time the defendant has served. The court shall have jurisdiction to act upon the application at any time.

18 U.S.C. § 4205(g).

Section 4205(g) does not authorize this Court to reduce Nickell's sentence. BOP has not filed a motion on her behalf, and section 4205(g) authorizes the reduction in a minimum term only "upon motion of the Bureau of Prisons."[1] *King*, 24 F.4th at 1229. Also, a court may not review "the Bureau of Prisons decisions whether to move a sentencing court for a reduction of a minimum term to time served under 18 U.S.C. § 4205(g)." *Simmons v. Christensen*, 894 F.2d 104, 1043 (9th Cir. 1990).

Even if section 4205(g) authorized this Court to consider Nickell's motion, the motion should be denied because section 4205(g) does not authorize the relief Nickell seeks. Section 4205(g) concerns eligibility for parole, not eligibility for release.

---

[1] Before 2018, "only the BOP Director could file a § 3582(c)(1)(A) motion for a sentence reduction." *United States* v. *Aruda*, 993 F.3d 797, 799 (9th Cir. 2021). The First Step Act of 2018 amended 3582(c)(1)(A) to allow a defendant to seek a reduction directly from the court. *United States* v. *Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021). But it did not make a corresponding amendment to section 4205(g).

United States Opposition to Motion for a Reduction in Sentence - 5
*United States v. Nickell*, CR87-0276 JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Section 4205(g) contemplates a motion by BOP to "reduce any *minimum term* to the time the defendant has served" to make the defendant immediately eligible for parole, not a motion for release. The statutory phrase "minimum term" is defined in 18 U.S.C. § 4205((b), which provides that a sentencing court imposing a sentence of imprisonment exceeding one year may "designate in the sentence of imprisonment imposed a minimum term at the expiration of which the prisoner shall become eligible for parole, which term may be less than but shall not be more than one-third of the maximum sentence imposed by the court" or may instead impose a maximum term and specify "that the prisoner may be released on parole at such time as the Commission may determine." As BOP Program Statement 5050.50 explains, section 4205(g), by authorizing BOP to move the sentencing court to reduce the "minimum term," authorizes BOP to ask the district court "to make the defendant with a minimum-term sentence immediately eligible for parole by reducing the minimum term to time served." It does not authorize BOP to move for a defendant's release.

Nickell has already served the minimum term to which she was sentenced. The Judgment and Commitment reflects that the court sentenced her to a period of ninety years of imprisonment and "[p]ursuant to Title 18, United States Code, Section 4205(b)(1), the Court designates a minimum term of THIRTY (30) YEARS." Exhibit C. Because Nickell has already served the minimum term imposed by the court, a motion by BOP to reduce her minimum term to time served would not provide her with any relief. BOP Office of General Counsel explained as much when it decided not to file a motion on Nickell's behalf in June 2021. Dkt. 2 at 15.

Because BOP has not filed a motion for a reduction in Nickell's minimum term of imprisonment, and because such a motion would not provide Nickell with any relief, this Court should deny Nickell's motion.

The Crime Victim's Rights Act gives victims a right to notice and to be heard at any public proceeding where release is addressed. 18 U.S.C. § 3771(a)(2). There is no notice requirement when the court does not hold a hearing. But considering crime victims' right

United States Opposition to Motion for a Reduction in Sentence - 6
*United States v. Nickell*, CR87-0276 JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

to be treated with fairness and with respect for dignity, 18 U.S.C. 3771(a)(8)), the United States is notifying Nickell's victims of her motion for release. The United States will submit any victim statements it receives to the Court.

Finally, Nickell's motion seeks appointed counsel. General Order 03-19 provides for appointment of the Federal Public Defender's Office or CJA counsel for defendants filing a request for compassionate release under 18 U.S.C. § 3582(c)(1)(A); it does not, however, provide for the appointment of counsel of an "old law" defendant seeking relief under section 4205(g). While this Court might still have authority to appoint counsel, doing so is not warranted here because the unavailability of relief is clear.

May 12, 2022

Respectfully submitted,

NICHOLAS W. BROWN
United States Attorney

*s/ Teal Luthy Miller*
TEAL LUTHY MILLER
Assistant United States Attorney
Western District of Washington
700 Stewart Street, Suite 5220
Seattle, Washington 98101
Tel: (206) 553-7970

United States Opposition to Motion for a Reduction in Sentence - 7
*United States v. Nickell*, CR87-0276 JLR

# CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and served it on defendant Stella M. Nickell, who is proceeding *pro se*, by First Class Mail at the following address:

Stella M. Nickell, Registration No. 17371-086
FCI Dublin
Federal Correctional Institution
5701 8th Street – Camp Parks
Dublin, CA 94568

*/s/ John M. Price*
JOHN M. PRICE
Paralegal Specialist
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101
Phone: (206) 553-7970

United States Opposition to Motion for a Reduction in Sentence - 8
*United States v. Nickell*, CR87-0276 JLR