1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10   UNITED STATES OF AMERICA,          CASE NO. CR87-0276JLR

11                     Plaintiff,        ORDER

12          v.

13   STELLA MAUDINE NICKELL,

14                     Defendant.

15                    **I.    INTRODUCTION**

16          Before the court is *pro se* Defendant Stella Maudine Nickell's motion for

17   compassionate release pursuant to 18 U.S.C. § 3582(c)(1) and § 4205(g).  (Mot. (Dkt.

18   # 2).)  Plaintiff the United States of America ("the Government") opposes Ms. Nickell's

19   motion.  (Resp. (Dkt. # 4).)  The court has considered Ms. Nickell's motion, the parties'

20   submissions in support of and in opposition to the motion, the relevant portions of the

21   record, and the applicable law.  Being fully advised, the court DENIES Ms. Nickell's

22   motion.

## II.   BACKGROUND

Ms. Nickell is a 78-year-old inmate who is currently detained at Federal Correctional Institution-Dublin ("FCI-Dublin").  (*See* Mot. at 18.[1])  In 1986, Ms. Nickell implanted potassium cyanide in packages of over-the-counter pain medications.  *United States v. Nickell*, 883 F.2d 824, 825 (9th Cir. 1989).  Her product tampering resulted in two deaths—her husband, Bruce Nickell, and Sue Snow.  *Id.*  A jury found Ms. Nickell guilty of five counts of product tampering in violation of 18 U.S.C. § 1365.  *Id.* at 825. On June 17, 1988, the court sentenced Ms. Nickell to 90 years of imprisonment.  (*See* Resp., Ex. C ("Judgment").)  As of the date of this order, Ms. Nickell has served 34 years of her 90-year sentence.  (*See* Mot. at 2.)  Although she became eligible for parole in 2017, after serving her 30-year minimum term of imprisonment, the Parole Commission has twice denied her requests for parole.  (*See* Judgment; Mot. at 15-16; Resp., Ex. B ("Parole Commission Letter") (Dkt. # 6).)  Ms. Nickell's projected release date is July 10, 2040.  (*See* Mot. at 16 (stating that this is Ms. Nickell's statutory, mandatory release date).)

Ms. Nickell now brings a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) and § 4205(g), asking the court to reduce her sentence to time served. (*See generally* Mot. at 1.)  She argues that release is warranted because of, among other things, her age, her "aging-related chronic medical conditions," her good behavior in prison, and the fact that she has served more than 30 years (the minimum term) of her

---

[1] Unless otherwise indicated, the court uses the CM/ECF page numbers when citing to the parties' pleadings and exhibits.

1    90-year sentence.  (*See id.* at 1-2, 5-6, 9-13.)  The Government argues that Ms. Nickell's

2    motion should be denied because:  (1) § 3582(c)(1)(A) does not apply to Ms. Nickell

3    because she committed her offenses before November 1987; and (2) § 4205(g) does not

4    afford Ms. Nickell any relief because the Bureau of Prisons ("BOP") has not filed a

5    motion for a reduction in Ms. Nickell's minimum term of imprisonment on her behalf

6    and such a motion would not provide her with any relief.  (*See* Resp. at 4-6.)

7    ## III.    ANALYSIS

8         A court generally may not correct or modify a prison sentence once it has been

9    imposed, unless permitted by statute or by Federal Rule of Criminal Procedure 35.

10   *United States v. Penna*, 315 F.3d 509, 511 (9th Cir. 2003); *see also Dillon v. United*

11   *States*, 506 U.S. 817, 824-25 (2010).  18 U.S.C. § 3582(c)(1), as amended by the First

12   Step Act of 2018 ("FSA"), "allows certain inmates to seek a form of sentence

13   modification," commonly referred to as compassionate release,[2] "by filing motions to that

14   effect with the district court."  *United States v. King*, 24 F.4th 1226, 1228 (9th Cir. 2022)

15   (first citing 18 U.S.C. § 3582(c)(1); and then citing First Step Act of 2018, Pub. L. No.

16   115-391, § 603(b)(1), 132 Stat. 5194, 5239 (2018) (adding "upon motion of the

17   defendant" to the statutory text)); *see also United States v. Aruda*, 993 F.3d 797, 799-802

18   (9th Cir. 2021) (permitting courts to reduce a defendant's sentence under § 3582(c)(1)(A)

19

20   ───────────────

21   [2] "Although relief under § 3582(c) is commonly referred to as 'compassionate release,'
     such relief is not limited to immediate release, but includes a reduction in sentence." *United*
     *States v. Millard*, No. CR-15-01391-PHX-DGC, 2022 WL 279596, at *2 n.1 (D. Ariz. Jan. 31,

22   2022) (quoting *United States v. Marks*, No. 03-cr-06033-L, 2020 WL 1908911, at *3 n.3
     (W.D.N.Y. Apr. 20, 2020)).

1  if the defendant establishes "extraordinary and compelling" reasons for a reduction in

2  sentence and meets other statutory requirements).  However, not all prisoners are

3  permitted to personally file such motions for compassionate release under the express

4  terms of § 3582(c)(1).

5      § 3582(c)(1) was enacted as part of the Sentencing Reform Act of 1984 ("SRA"),

6  which was expressly intended to apply "only to offenses committed after the taking effect

7  of this chapter."  *See* Sentencing Reform Act of 1984, Pub. L. No. 98-473, § 227, 98 Stat.

8  1837, 1998 (1984); Sentencing Act of 1987, Pub. L. No. 100-182 § 2(a), 101 Stat. 1266

9  (1987) (inserting "shall apply only to offenses committed after the taking effect of this

10  chapter" into the text of § 3582(c)(1))).  Thus, § 3582(c)(1) "only applies to prisoners

11  who offended on or after November 1, 1987."  *King*, 24 F.4th at 1128-29; *see also*

12  Sentencing Reform Amendments Act of 1985, Pub. L. No. 99-217 § 4, 99 Stat. 1728

13  (1985) (setting the effective date for the SRA).  Because Ms. Nickell committed her

14  offenses in 1986 (*see* Resp., Ex. A ("PSR") (Dkt. # 6) at 3-6), before the SRA took effect,

15  § 3582(c)(1) does not apply to her.

16      Rather, § 4205(g), although repealed in 1987 by the SRA, applies to Ms. Nickell.

17  *See King*, 24 F.4th at 1129 (stating that "inmates who committed crimes on or before

18  October 31, 1987, remain subject to § 4205(g) and cannot themselves file a motion for

19  compassionate release"); 28 CFR § 572.40 (2022) ("18 U.S.C. 4205(g) was repealed

20  effective November 1, 1987, but remains the controlling law for inmates whose offenses

21  occurred prior to that date.").  Under the statute, a prisoner is not allowed to directly

22  request a reduction in sentence by filing a motion in district court; only the BOP can file

a motion seeking such relief on behalf of the inmate.[3]  *See King*, 24 F.4th at 1129; 18

U.S.C. § 4205(g).  Moreover, that provision does not authorize a court to order the

immediate release of a defendant.  *See* 18 U.S.C. § 4205(g).  Instead, it authorizes a

district court to make a prisoner who is serving a minimum term sentence[4] and is not yet

eligible for parole immediately eligible on a motion by the BOP.  *Id.* ("At any time upon

motion of the Bureau of Prisons, the court may reduce any minimum term to the time the

defendant has served."); *see* 28 CFR § 571.60 (2022).

　　Ms. Nickell's motion for compassionate release pursuant to § 4205(g) is improper

for two reasons.  First, Ms. Nickell cannot personally move the court for a reduction in

sentence under § 4205(g), and the BOP declined to file such a motion on her behalf.[5]  *See*

*King*, 24 F.4th at 1229 (stating that only the BOP can file a motion requesting relief under

---

[3] Before 2018, "only the BOP Director could file a § 3582(c)(1)(A) motion for a sentence reduction."  *Aruda*, 993 F.3d at 799.  The FSA amended § 3582(c)(1)(A) to also allow a defendant to seek a reduction directly from the court.  *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021).  The First Step Act did not, however, make a corresponding amendment to § 4205(g).

[4] With respect to the phrase "minimum term," § 4205(b) provides that a sentencing court imposing a sentence of imprisonment exceeding one year may "designate in the sentence of imprisonment imposed a minimum term at the expiration of which the prisoner shall become eligible for parole, which term may be less than but shall not be more than one-third of the maximum sentence imposed by the court" or may instead impose a maximum term and specify "that the prisoner may be released on parole at such time as the Commission may determine."  18 U.S.C. § 4205(b).

[5] To the extent Ms. Nickell asks the court to review the BOP's decision not to file a motion for compassionate release on her behalf (*see generally* Mot. at 2 (claiming that the BOP's June 2021 denial of her request for compassionate release was incorrect because it stated that her offense was "non-paroleable")), the court is unable to do so.  *Simmons v. Christensen*, 894 F.2d 104, 1043 (9th Cir. 1990) (stating that a court may not review "the Bureau of Prisons decisions whether to move a sentencing court for a reduction of a minimum term to time served under 18 U.S.C. § 4205(g)").

§ 4205(g)); (*see also* Dkt.; Mot. at 14-15 (containing the BOP Assistant Director/General

Counsel denial of Ms. Nickell's request the BOP to initiate a motion for reduction in

sentence on her behalf)).  Accordingly, the court lacks the authority under § 4205(g) to

entertain Ms. Nickell's motion for compassionate release.  *See King*, 24 F.4th at 1229.

Second, even if § 4205(g) authorized the court to consider Ms. Nickell's motion, the

court would be unable to grant her requested relief—i.e., her immediate release (*see* Mot.

at 1-2, 5-6, 9-12)—because § 4205(g) only authorizes the court to make the defendant

immediately eligible for parole by "reduc[ing] any minimum term to the time the

defendant has served."  *See* 18 U.S.C. § 4205(g); 28 CFR § 571.60.  The court also notes

that, because Ms. Nickell has already served the minimum term—30 years—imposed by

the court and is thus already eligible for parole (*see* Judgment; Mot. at 15), a motion by

the BOP to reduce her minimum term to time served pursuant to § 4205(g) would not

provide her with any relief.

In sum, the court DENIES Ms. Nickell's motion for compassionate release

because her motion is improper under both 18 U.S.C. § 3582(c)(1)(A) and § 4205(g).  In

her motion, Ms. Nickell also asks the court to appoint counsel to represent her with

respect to the instant motion.  (*See* Mot. at 8.)  Because the court has denied Ms.

Nickell's motion, the court also DENIES her request for appointment of counsel as moot.

## IV.    CONCLUSION

For the foregoing reasons, the court DENIES Ms. Nickell's motion for

compassionate release pursuant to 18 U.S.C. § 3582(c)(1) and § 4205(g) (Dkt. # 2) and

DENIES Ms. Nickell's request for appointment of counsel (Dkt. # 2).

Dated this 2nd day of June, 2022.

JAMES L. ROBART
United States District Judge